IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL W. WATKINS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3: 08-0426 |
| v. ) | Judge Echols/Bryant |
| ) | **Jury Demand** |
| KAJIMA INTERNATIONAL ) | |
| INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

This case has been referred to the undersigned Magistrate Judge for consideration of all pretrial matters and for report and recommendation on dispositive motions. (Docket Entry No. 5).

Plaintiffs, proceeding pro se, have filed a complaint naming as defendants 45 individuals, 4 corporations, and the State of California (Docket Entry No. 1). Most of the individual defendants are either state judges, public officials, or attorneys from California. This complaint is substantively similar to the complaints filed in case numbers 3:06-0197 and 3:07-0423, both of which were dismissed without prejudice for lack of personal jurisdiction and improper venue (Docket Entry Nos. 124 and 125 in case number 3:06-0197 and Docket Entry No. 133 in case number 3:07-0423). In this case, the Court has already dismissed several defendants ("Dismissed Defendants") due to lack of personal jurisdiction, improper venue, and Plaintiffs' failure to state a claim. (Docket Entry No. 146).

Defendants Don L. Smith, Jefferson C. Orr, and Gregory L. Cashion ("Tennessee

1

Defendants") have filed an Answer to the Complaint and a motion to dismiss Plaintiffs' complaint for failure to state a claim. (Docket Entry Nos. 67 and 140). Defendants Anne Hunter, Stephen Sands, Peter Vail and the State of California ("California Defendants") have filed a motion to dismiss for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim. (Docket Entry No. 137). Plaintiffs have responded to the motions to dismiss. (Docket Entry No. 157). Plaintiffs have also filed a motion for Extension of Time to File Amended Claim and Motion for Amended Claim, a Motion for Leave to Amend Complaint, and two Motions for Leave to Further Amend Complaint (Docket Entry Nos. 128, 145, 158, and 160). Several defendants have filed responses in opposition to Plaintiffs' motions to amend. (Docket Entry Nos. 149, 159, 162, 163, and 165).

For the reasons stated below, the undersigned RECOMMENDS that Plaintiffs' initial motion to amend be DENIED as to the Tennessee Defendants and the previously Dismissed Defendants, and GRANTED as a matter of course as to the California Defendants and all other defendants not previously dismissed. The undersigned also RECOMMENDS that Plaintiffs' subsequent motions for leave to further amend their Complaint be DENIED. Finally, the undersigned RECOMMENDS that the Tennessee Defendants' motion to dismiss for failure to state a claim be GRANTED and that California Defendants' motion to dismiss be DENIED without prejudice as moot.

### I. Factual Background

The allegations of the complaint and amended complaint are disjointed and ambiguous, and Plaintiffs do not set forth any specific facts concerning Defendants. One must look to the previously filed complaints to find many of the specific allegations in this case.

2

The facts can be summarized as follows. Plaintiffs are father and son. One or both of them claim to be owners of U.S. Patent No. 5,894,704 ("the Patent"). Plaintiffs assert that all of the defendants are participants in a conspiracy to infringe Plaintiffs' rights in the Patent.

Plaintiffs claim that this case began when Plaintiffs built a house using the patented "concrete wall system" at Alameda and 6th Street in Los Angeles, California. Plaintiffs claim that they were approached by the Belottis and asked to build a house for them in an attempt by the Belottis to "steal the Patent." The Belottis filed a complaint against Plaintiffs before the California Contractors State Licensing Board (CSLB) in an attempt to steal the Patent. Defendant Peter Vail was an expert witness at the CSLB hearing. The administrative law judge presiding over the CSLB hearing recommended revocation of Plaintiffs' "California Contractor's License." Defendant Stephen Sands, California Registrar of Contractors, accepted the administrative ruling and denied Plaintiffs' request to reopen the hearing. The matter was further prosecuted before the Superior Court and then the matter was taken up by the California Court of Appeal.

Plaintiff Michael D. Watkins, a member of the military, claims he had been deployed to Iraq when the CSLB complaint was filed against him. Plaintiffs allege that the California Court of Appeal judges ruled that he had not been properly served, "but never corrected the fact that he was not served." However, they also note that the Superior Court and California Appellate Court ruled that Plaintiff did not need to be served because he was not a licensee.

After the CSLB proceeding, the Belottis conspired with "Kajima representatives" and defendant Thompson, the attorney who represented the senior Plaintiff's wife in their pending divorce proceeding, to obtain rights to the Patent through the divorce proceeding.

3

Plaintiff Michael W. Watkins obtained joint custody of their daughter in the divorce. Thereafter, his wife and her attorney accused him of rape, which led to his losing custody of his daughter. The case was transferred to juvenile court where a succession of judges were assigned and then recused themselves after Plaintiffs sued them.

While the divorce/custody proceedings were ongoing, the wife used Michael W. Watkins' credit card to steal $225,000, which prompted him to sue the wife and her attorney in a California state court for credit card fraud. The case was tried in Victorville, California, where Michael W. Watkins had to "face the same crooked judges." At some point the Belottis filed a petition for bankruptcy in California, and the bankruptcy trustee conspired with them to steal the Patent.

In summary, Plaintiffs claim that all of the defendants have stolen millions of dollars from them in a conspiracy among the defendants to steal their Patent. Plaintiffs claim that Kajima has used corporate funds to bribe multiple California state judges and other public officials. Plaintiffs allege multiple instances of fraud and corruption, including evidence of tampering, falsification of documents, extortion, and acceptance of pay-offs and other forms of criminal obstruction of justice, "all for the purpose of stealing a patent." Plaintiffs claim that the Patent was infringed in Los Angeles and in "Tennessee and other States as well."

Based upon these events, Plaintiffs have filed suit against 50 named defendants. Plaintiffs assert subject matter jurisdiction in this Court based upon federal question, 28 U.S.C. § 1331, and patent infringement, 28 U.S.C. § 1338. Plaintiffs assert seven causes of action, including patent infringement, several constitutional violations, racketeering, and theft.

## II. Motions to Dismiss

### A. Standard of Review

Tennessee Defendants argue for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Docket Entry No. 140). In examining a complaint under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the Plaintiff's well-pleaded factual allegations and resolve all doubts in the Plaintiff's favor. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations supplied must be enough to show a plausible right to relief. *Id.* at 570. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Since Plaintiffs are pro se, the allegations of their Complaint must be liberally construed in determining whether it fails to state a claim upon which relief can be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the liberal treatment granted pro se litigants is not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Basic pleading rules still apply for pro se litigants, as bald assertions and personal opinions will not suffice. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527

5

(6th Cir. 2007 (citing *Twombly*, 550 U.S. at 555).

**B.     Analysis**

Even construing Plaintiff's Complaint liberally, it does not set forth any specific allegations against the individual moving Defendants. Their Complaint only contains broad, bald accusations, claiming that all defendants - judges, state officials, and lawyers - are involved in a conspiracy to steal and use the Patent, infringe on the Patent, accept bribes, and violate the Constitution. (*See* Docket Entry No. 1 at ¶¶ 1, 4, 55, 56, 64, 69, 73, 77, 82, and 92). A complaint is not sufficient to survive a 12(b)(6) motion "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555)**.**

The undersigned has already noted the inadequacy of the Complaint with regard to the Tennessee Defendants in a Report and Recommendation. (Docket Entry No. 133). Although at the time Defendants had not yet filed a dispositive motion, the undersigned, in analyzing motions to dismiss for improper venue, stated:

> Defendants Cashion, Smith, and Orr are alleged to reside in this district, yet there are no specific facts plead against these individuals. These defendants are not mentioned in the complaint other than being listed in the "Parties" section. This is insufficient to state a claim against these individual defendants even if they were deemed to reside in this district.

*Id*. at 10. The Court may not grant a Rule 12(b)(6) motion to dismiss "based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). However, the factual allegations of a complaint "must be enough to raise a right of relief above the speculative level." *Twombly,* 550 U.S. at 555. While Fed. R. Civ. P. 8 may not require

6

detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The Plaintiffs allege no facts against the Tennessee Defendants that would support any plausible grounds for relief. The Complaint contains general, unclear legal conclusions without referencing a single act or omission by Defendants to establish a legitimate claim. While pro se litigants are provided a more liberal review of their pleadings, such leniency should not force the Court to speculate as to the nature of the Plaintiff's claim or surmise the facts in support of conclusory accusations. *See Wells*, 891 F.2d at 594. The undersigned Magistrate Judge finds that Plaintiff's original Complaint is subject to dismissal for failure to state a claim upon which relief can be granted as to the Tennessee Defendants.

As will be explained further below, the California Defendants' motion to dismiss for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim should be denied without prejudice because Plaintiffs have a right to amend their Complaint once as to the California Defendants.

### III. Motions to Amend Complaint

**A. Standard of Review**

A party may amend a pleading once as a matter of right if it is done before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1)(A); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). After a responsive pleading is filed, Plaintiffs may only amend their pleading with the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). The Court shall give leave freely "when justice so requires." *Id.* In determining whether to allow an amendment, the Court should consider the delay in filing, the lack of notice to the

7

opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Delay alone is not a sufficient reason to deny a motion to amend. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).

**B.     First Motion to Amend**

On January 15, 2009, Plaintiffs filed their first Motion for Leave to Amend Complaint and attached their proposed amendment ("Amended Complaint") to the motion. (Docket Entry No. 145).

**1.     As to Tennessee Defendants**

Tennessee Defendants filed an Answer to Plaintiffs' original Complaint prior to Plaintiffs' first motion to amend their Complaint. (Docket Entry Nos. 67, 128, and 145). Defendants' responsive pleading cut off Plaintiffs' right to amend as a matter of course. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993). Therefore, Plaintiffs' may only amend their Complaint as to the Tennessee Defendants with the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The Court enjoys broad discretion in determining whether "justice so" requires the Court to grant a motion to amend. *Hayden v. Ford Motor Co.,* 497 F.2d 1292, 1294 (6th Cir. 1974). While, as the Plaintiffs note in support of their motion to amend, Fed R. Civ. P 15(a) does articulate a rather liberal standard for amendment, it does not require the Court to accept futile amendments. *Keweenaw Bay Indian Cmty.,* 11 F.3d at 1348; *Sinay v. Lamson & Sessions Co.*,

8

948 F.2d 1037, 1041-42 (6th Cir. 1991). A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

The undersigned has already noted above the reasons why Plaintiffs' original Complaint should be dismissed for failure to state a claim as to the Tennessee Defendants. Plaintiffs have done nothing to correct these deficiencies. Their first amended Complaint still mentions the Tennessee Defendants only in the "Parties" section of the amended Complaint. Therefore, the undersigned recommends that leave to amend be denied as to the Tennessee Defendants for futility and failure to cure prior deficiencies.

### 2. As to Dismissed Defendants

As to the Defendants previously dismissed by the Court, Plaintiffs no longer have a right to amend as a matter of course, but the Court may still grant them leave to amend. *See Bancoult v. McNamara*, 214 F.R.D. 5, 8-9 (D.D.C. 2003) (granting plaintiff's motion to amend complaint "as a matter of course" as to defendants against whom claims remained pending, but denying the motion as futile as to dismissed defendant); *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992); *Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1554 (11th Cir. 1984); *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 448 n.1 (2d Cir. 1978) ("[W]hile the law in this circuit is that a motion to dismiss is not a responsive pleading, and therefore the complaint may be amended without leave of the court, it is equally well established that this right terminates upon the granting of the motion to dismiss." (citations omitted)).

However, Plaintiffs have still failed to address the deficiencies of their prior complaints

in their Amended Complaint. Plaintiffs appear to be trying to establish personal jurisdiction and venue merely by adding Kajima USA and Kajima Building & Design Group ("KBD Group") as parties to the case. Plaintiffs note in their Amended Complaint that KBD Group has an office in Memphis, TN.[1] However, the existence of a single office of a Kajima subsidiary in Tennessee does not cure the deficiencies noted in the undersigned's prior Report and Recommendation. (Docket Entry No. 133). Plaintiffs claim in their Amended Complaint that all the defendants have "plotted and conspired among themselves and with Kajima to use the patent in Tennessee to fraud Plaintiffs out of funds" and "plotted with Kajima through contacts with Kajima's office in Memphis[.]" (Docket Entry No. 145 at ¶ 52). Such bare, disjointed accusations against the Dismissed Defendants, mere "labels and conclusions," do not show a plausible right to relief. *Twombly*, 550 U.S. at 555, 570. They also do not establish the contacts necessary for this court to have personal jurisdiction over the Dismissed Defendants, or to demonstrate for purposes of venue that a substantial part of the events of this claim occurred in the Middle District of Tennessee. It still appears that a majority of the events leading to Plaintiffs' alleged injury occurred in California. Accordingly, because Plaintiffs' Amended Complaint is futile and fails to cure previous deficiencies as to the Dismissed Defendants, Plaintiffs' initial motion to amend their Complaint as to the Dismissed Defendants should be denied.

      **3.     As to California Defendants**

Fed. R. Civ. P. 15(a) allows a plaintiff to file an amended complaint once as a matter of course, without leave of court, when the defendant has not filed a responsive pleading. *Winget v.*

---

[1] The website for Kajima Building & Design Group does list an office in Memphis, TN. KBD Group, Contact Us, http://www.kbdgroupusa.com/contact-us.php/.

*JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 574 (6th Cir. 2008). The Sixth Circuit has noted that "Rule 15(a) gives plaintiffs an 'absolute right' to amend a complaint before a responsive pleading is served." *Broyles v. Correctional Medical Services, Inc.*, No. 08-1638, 2009 U.S. App. LEXIS 5494, at * 11 (6th Cir. Jan. 23, 2009) (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000)). A motion to dismiss does not constitute a responsive pleading under Rule 15(a). *Winget*, 537 F.3d at 574 (citing *Ohio Cas. Ins. Co. v. Farmers Bank of Clay*, 178 F.2d 570, 573 (6th Cir. 1949)).

At present, the California Defendants have only filed a motion to dismiss and not a responsive pleading (Docket Entry No. 137). Even though Plaintiffs asked for leave of the Court in their initial motion to amend, they are entitled to amend once as a matter of right, without the Court's leave, before a responsive pleading is served. (Docket Entry No. 145). The responsive pleading filed by Tennessee Defendants does not terminate Plaintiffs' right to amend once as to those defendants who have not filed a responsive pleading. *Adams v. Quattlebaum*, 219 F.R.D. 195, 196 (D.D.C. 2004) ("If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants who have yet to answer.") (citing 6 Fed. Prac. & Proc.2d § 1481). Therefore, Plaintiffs did not need leave to amend their Complaint once as to the California Defendants.

California Defendants' motion to dismiss is addressed solely to the original complaint. They have not and could not have moved to dismiss the amended complaint. Since Plaintiffs can amend their Complaint once before a responsive pleading is served, California Defendants' motion to dismiss should be denied without prejudice as moot. Even though the California Defendants point to numerous deficiencies in Plaintiffs' original Complaint - deficiencies which

11

Plaintiffs do not appear to have corrected in their amended Complaint - such arguments must wait until after Plaintiffs have filed their amended Complaint. "The fact that an amendment would be futile" does not provide a basis to deny a motion to amend a complaint, when the plaintiff can amend a complaint as a matter of right. *Broyles,* 2009 U.S. App. LEXIS 5494, at * 11. Therefore, because the California Defendants have not filed a responsive pleading, Plaintiffs are entitled to amend their Complaint once as a matter of course as to the California Defendants and those defendants not already dismissed from the case.

**C.     Motions for Leave to Further Amend Complaint**

Since Plaintiffs' initial motion to amend their Complaint, they have filed two Motions for Leave to Further Amend Complaint. (Docket Entry Nos. 158 and 160). Plaintiffs have had several opportunities to cure the procedural deficiencies in their Complaint, since it is substantively similar to the complaints filed in case numbers 3:06-0197 and 3:07-0423, both of which were dismissed without prejudice for lack of personal jurisdiction and improper venue (Docket Entry Nos. 124 and 125 in case number 3:06-0197 and Docket Entry No. 133 in case number 3:07-0423). Furthermore, several defendants have already been dismissed from this Complaint for lack of personal jurisdiction and improper venue. (Docket Entry No. 146). Plaintiffs have failed to cure these deficiencies in their proposed amended complaints.

The Plaintiff's Amended Complaint continues to set forth nothing more than vague and nonspecific allegations to claim personal jurisdiction and proper venue in this Court over all the defendants. Plaintiffs again state, without any specific evidence or support, that all the defendants infringed the Patent in Tennessee and in their amended complaints claim that all the defendants have been in continuous contact with KDG Group's Memphis office. (Docket Entry No. 158 at ¶

12

53 and Docket Entry No. 160 at ¶ 56). Plaintiffs have also added three new parties (Sallie Mae, USA Funds, and Liberty University) in their third Amended Complaint. (Docket Entry No. 160 at 3.). Plaintiffs have accused these institutions of apparently conspiring to make them responsible for a fraudulent loan. *Id.* Plaintiffs not only fail to note a specific law the new parties violated, but also fail to state how these new accusations have any legitimate connection to the claims already alleged. Plaintiffs have tried to set out more specific facts about each individual defendant, but have in essence only restated their prior unsubstantiated accusations that the defendants are all conspiring via schemes of fraud and corruption to infringe upon Plaintiff's Patent and steal millions of dollars from them. Plaintiffs' motions for leave to further amend their Complaint should be denied due to the futility of allowing the proposed amendment.

In summary, Plaintiffs have now attempted to bring the majority of these defendants into court six times under substantively similar allegations. Plaintiffs have had similar procedural inadequacies in each of these complaints and have had many opportunities to rectify them. The undersigned Magistrate Judge finds that Plaintiffs are entitled to amend their Complaint once as a matter of course as to those remaining defendants who have not yet filed a responsive pleading. The undersigned further finds that justice does not require granting leave for Plaintiffs to amend their Complaint as to the Tennessee Defendants and the Dismissed Defendants. Plaintiffs are reminded that in submitting their Amended Complaint they must ensure it adheres to Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and of the "grounds for jurisdiction."

## IV. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that

13

Case 3:08-cv-00426 Document 167 Filed 08/07/09 Page 13 of 14 PageID #: 1394

Plaintiffs' initial motion to amend (Docket Entry No. 145) be DENIED as to the Tennessee Defendants and the previously Dismissed Defendants, and GRANTED as to the California Defendants and all other defendants not previously dismissed. The undersigned also RECOMMENDS that Plaintiffs' subsequent motions for leave to further amend their Complaint (Docket Entry Nos. 158 and 160) be DENIED. Finally, the undersigned RECOMMENDS that the Tennessee Defendants' motion to dismiss for failure to state a claim be GRANTED and that the California Defendants' motion to dismiss be DENIED without prejudice as moot.

Under Rule 72(b) of the Federal Rule of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections to this Report and Recommendation in which to file any responses to said objections. Failure to file specific objections within (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 7th day of August, 2009.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE