IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
MICHAEL W. WATKINS, et al.,     )
                                )
    Plaintiffs,                 )
                                )    No: 3:08-0426
        v.                      )    Judge Campbell/Bryant
                                )    **Jury Demand**
KAJIMA INTERNATIONAL            )
CORPORATION, et al.,            )
                                )
    Defendants.                 )
```

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Defendants Anne Hunter, Stephen Sands, Peter Vail and State of California have filed their motion to dismiss (Docket Entry No. 208). As grounds for their motion, these defendants assert the defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and frivolity under 28 U.S.C. § 1915(e)(2)(B). Plaintiffs have filed a response in opposition (Docket Entry No. 214).

Defendant Tom Cavallo has filed his motion to dismiss (Docket Entry No. 210). As grounds for his motion, defendant Cavallo asserts the defenses of insufficient service of process, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and frivolity under 28 U.S.C. § 1915(e)(2)(B). Plaintiffs have filed a response in opposition to this motion (Docket Entry No. 215). Because the grounds asserted in these two motions to

dismiss, while not identical, are very similar, as are plaintiffs' responses in opposition, the undersigned Magistrate Judge will include both motions in this report and recommendation.

For the reasons stated below, the undersigned Magistrate Judge recommends that both of these motions to dismiss should be granted.

## Analysis

Defendant Anne Hunter is identified in the amended complaint (Docket Entry No. 174) as a Deputy Attorney General who resides in Los Angeles, California. Defendant Stephen Sands is identified in the caption of the amended complaint as the Registrar of Contractors for the State of California. Defendant Peter Vail is identified in the amended complaint as an individual residing in San Diego, California. Defendant Tom Cavallo is identified in the amended complaint as an individual residing in San Bernadino, California. After being identified in the "parties" section of the amended complaint, defendants Hunter, Sands, Vail and Cavallo are not thereafter mentioned by name in the remainder of the amended complaint.

The factual allegations in the amended complaint are very confusing and unclear. It seems that plaintiffs, or at least one of them, is the owner of a U.S. patent having something to do with a method of constructing concrete walls. Plaintiffs allege that their patent has been infringed by defendant Kajima International,

2

Inc. and/or two of its alleged affiliates, Kajima Building and Design Group and Kajima USA, Inc. Plaintiffs allege that the Kajima defendants infringed their patent in Tennessee and in multiple other states. Significantly, however, no specific acts or omissions of wrongdoing are ascribed to defendants Hunter, Sands, Vail, Cavallo or the State of California. Instead, certain general allegations are made against all defendants collectively. For example, the amended complaint alleges as follows: "All defendants worked together to infringe on the Patent owned by Plaintiffs." (Docket Entry No. 174 at 9). The amended complaint also states: "Defendants each and every one of them have carried on contacts with Kajima in Memphis, Tennessee to help Kajima to use the patent there and all over the United States by inducing them to use the patent and in the middle of this committed fraud trying to fraud plaintiffs out just moneys do (sic) them for the patent." (Id. at 9-10). As a further example, the amended complaint alleges: "All defendants are all guilty of patent infringement and all the other claims and causes of action listed below because they helped Kajima to use the patent. . . ." (Id. at 10).

### A. Personal Jurisdiction Over the Defendants

It is a well-settled rule that plaintiffs must demonstrate that the court has personal jurisdiction over a defendant when a plaintiff seeks a judgment that would impose a personal obligation on that defendant. International Shoe Co. v.

3

Washington, 326 U.S. 310, 316 (1945); Pennoyer v. Neff, 95 U.S. 714, 720-722 (1877). The long-arm statute and the constitutional principles of due process govern whether this Court may exercise personal jurisdiction over the defendants. Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002).

The jurisdictional limits of the Tennessee long-arm statute have been interpreted to be identical to the federal constitutional requirement of due process. Payne v. Canal Ins. Co., 4 F.3d 452, 455 (6th Cir. 1993). Thus, in order for this Court to have personal jurisdiction over the defendants, plaintiffs must show that the defendants have sufficient minimum contracts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co., 326 U.S. at 316; Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Minimum contacts exist where the defendants purposefully avail themselves of the privilege of conducting activities within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Defendants who invoke the benefit and protections of a state's laws "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A court may have either general or specific jurisdiction over a defendant. Fortis Corporate Ins. v. Viken Ship Mgmt., 450 F.3d 214, 218 (6th Cir. 2006); CompuServe Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1999). General jurisdiction exists "when a

4

defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." Fortis Corporate Ins., 450 F.3d at 218. Unlike general jurisdiction, "[s]pecific jurisdiction 'subjects the defendant to suit in the forum state only on claims that arise out of or relate to defendant's contact with the forum.'" Id. (citations omitted).

The allegations in the amended complaint are insufficient to demonstrate that this Court has either general or specific jurisdiction over these defendants. As stated above, none of these defendants is mentioned by name following their identification in the "parties" section of the amended complaint. The only allegation that links these defendants to the State of Tennessee is the general allegation applied to all defendants collectively stating that "[d]efendants each and every one of them have carried on contacts with Kajima in Memphis, Tennessee to help Kajima to use the patent there and all over the United States . . . ." Beyond this bare-bones conclusory allegation, the amended complaint fails to contain an allegation of the "who, when, what, or where" of any specific contact by any of these defendants within the State of Tennessee. In the absence of any allegations concerning the factual particulars of contacts by any of these defendants within the State of Tennessee, the undersigned Magistrate Judge finds that the amended complaint fails to demonstrate that this Court has

5

either general or specific personal jurisdiction over any of these defendants. Accordingly, the undersigned Magistrate Judge finds that these defendants' motions to dismiss for lack of personal jurisdiction should be **GRANTED**.

B.  **Improper Venue**

A complaint may also be subject to dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. Proper venue for cases founded on general federal question jurisdiction is based upon 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This general venue statute, however, has been held to be inapplicable to patent infringement proceedings. Stonite Prods. Co. v. Melvin Lloyd Co., 315 U.S. 561, 567 (1942). Venue in patent infringement actions is governed solely by 28 U.S.C. § 1400, which reads in pertinent part as follows:

> (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

6

None of the defendants in this case is alleged to reside in the Middle District of Tennessee. Moreover, although the amended complaint asserts that defendant Kajima infringed the plaintiffs' patent during construction projects at the Saturn plant in Spring Hill, Tennessee, in addition to locations in other states, there is no allegation in the amended complaint that any defendant, including the Kajima entities, maintained a regular and established place of business within the Middle District of Tennessee. The amended complaint does assert that one of the Kajima entities maintained an office in Memphis, Tennessee, which lies within the Western District of Tennessee.

From a review of the allegations of the amended complaint, it appears that none of the many defendants resides within the Middle District of Tennessee, nor did "a substantial part of the events giving rise to the claim" occur within the Middle District of Tennessee. Therefore, the undersigned Magistrate Judge finds that venue in this district is improper both under the general venue statute as well as under the venue statute that governs patent infringement actions. For this reason, the undersigned Magistrate Judge finds that these defendants' motions to dismiss for improper venue should be **GRANTED**.

C. **Failure to state a claim**

These defendants also move to dismiss on the grounds that

7

the amended complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff accepting all well-pleaded factual allegations as true. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. <u>Id.</u> Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." <u>League of United Latin American Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), "basic

8

pleading essentials" still apply.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990).  Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Applying this standard of review, the undersigned Magistrate Judge finds that the amended complaint fails to contain sufficient factual allegations to make the claims against these defendants plausible under the standards of Iqbal and Twombly.  As has previously been stated, beyond identification of these defendants in the "parties" section of the amended complaint, they are never thereafter mentioned by name.  Instead, they are grouped collectively along with the other defendants in allegations that amount to no more than conclusions of law.  These conclusory allegations are not entitled to a presumption of truth, nor are they sufficient to demonstrate plausible claims or entitlement to relief under the standards of Iqbal and Twombly.  For this reason, the undersigned Magistrate Judge finds that the amended complaint

9

fails to state a claim for which relief can be granted pursuant to Rule 12(b)(6).

D. **Insufficient service of process**

Defendant Cavallo also moves to dismiss on the ground of insufficient service of process. The docket sheet includes a return on a summons issued to defendant Tom Cavallo (Docket Entry No. 47). This return indicates that on July 11, 2008, Larry Ballesteros, a process server, served process issued to defendant Tom Cavallo upon an individual named Mary Lou Guerrero at 1845 Business Center Drive, Suite 206, San Bernadino, California.

In his declaration filed in support of his motion to dismiss (Docket Entry No. 211), defendant Cavallo states that he retired from his employment with the State of California as of July 17, 2007, and that he has not maintained a business address any time since then at 1845 Business Center Drive, Suite 206, San Bernadino, California. He further states that he has never authorized another person to accept service of process on his behalf.

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon an individual defendant. This rule provides that service on an individual defendant may be accomplished by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with

10

someone of suitable age and discretion that resides there; or (3) delivering a copy of the summons and complaint to an agent who has been authorized by appointment or by law to receive service of process for the individual defendant.  From the record before the Court, it appears that defendant Cavallo has not been served personally, nor has he been served at his residence, nor has service upon him been accomplished by serving an agent that he has authorized to accept service.  It appears from the record before the Court that plaintiffs attempted to serve defendant Cavallo at his former place of employment, but that, based upon his declaration, he had retired from this employment approximately one year before service was attempted.  This attempt failed to comply with the requirements of Rule 4(e) and failed to achieve personal service of process upon defendant Cavallo.  For this reason, the Magistrate Judge finds that the motion to dismiss on behalf of defendant Cavallo for insufficient service of process should be **GRANTED.**

### E.   Frivolity under 28 U.S.C. § 1915(e)(2)

Finally, these defendants argue that the amended complaint against them should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  This statute permits a court to dismiss a complaint that has been filed in forma pauperis upon a determination that the complaint is frivolous or malicious.  It does not appear from the record that this complaint has been filed

11

in forma pauperis, and therefore this statutory provision does not apply.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motions to dismiss filed on behalf of defendants Anne Hunter, Stephen Sands, Peter Vail, Thomas Cavallo, and the State of California be **GRANTED** and the amended complaint against them **DISMISSED** upon grounds of lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted and, in the case of defendant Cavallo, insufficient service of process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 1st day of September 2010.

>   s/ John S. Bryant
>   JOHN S. BRYANT
>   United States Magistrate Judge

13