IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL W. WATKINS, et al.,        )
                                    )
    Plaintiffs,                     )
                                    )   No: 3:08-0426
        v.                          )   Judge Campbell/Bryant
                                    )   **Jury Demand**
KAJIMA INTERNATIONAL                )
CORPORATION, et al.,                )
                                    )
    Defendants.                     )

TO: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

Defendants Kajima International, Inc., Kajima Building and Design Group, Kajima USA, Inc. and Kajima Corporation have appeared specially and have moved to dismiss plaintiffs' request for entry of default and to strike the amended complaint and any summons issued to any Kajima defendant (Docket Entry No. 199). Plaintiffs have responded in opposition (Docket Entry No. 206).

For the reasons explained below, the undersigned Magistrate Judge **recommends** that this motion by the Kajima entities be **granted in part and denied in part**.

### Procedural History

In order to unravel this motion, it is helpful to review the procedural history of the case with respect to the Kajima parties.

The original complaint, filed on April 24, 2008, named as a defendant Kajima International Incorporated (Docket Entry No. 1).

On April 25, 2008, the Clerk issued a summons addressed to Kajima International Incorporated (Docket Entry No. 2). Thereafter, defendant Kajima International, Inc. filed its motion to dismiss for lack of jurisdiction (Docket Entry No. 98). Following a report and recommendation by the Magistrate Judge, the Court granted this motion and dismissed the complaint against defendant Kajima International, Inc. on January 26, 2009 (Docket Entry No. 146).

Plaintiffs filed a motion for leave to amend their complaint (Docket Entry No. 145). Following a report and recommendation by the Magistrate Judge, the Court denied plaintiffs' motion for leave to amend their complaint with respect to defendants that had previously been dismissed, but otherwise granted plaintiffs' motion for leave to amend the complaint (Docket Entry No. 172). Plaintiffs thereafter filed their first amended complaint (Docket Entry No. 174). This complaint named as defendants Kajima International Incorporated, which previously had been dismissed, Kajima Building and Design Group (KBD Group) and Kajima USA, Inc. Theses two new Kajima parties were identified in the amended complaint as two of the subsidiaries of Kajima International. On October 21, 2009, the Clerk issued summons addressed to Kajima Building and Design Group at an address in Memphis, Tennessee, and Kajima USA, Inc. at an address in Rochelle Park, New Jersey (Docket Entry No. 182). On November 16, 2009, plaintiffs filed their motion for entry of default against "Kajima

2

Corporation" (Docket Entry No. 187). Thereafter, on November 23, 2009, plaintiffs filed a proof of service of summons indicating that a summons and a motion for leave to amend complaint was served on Kajima Building and Design, Inc. in Los Angeles, California on November 2, 2009, and on November 3, 2009, in Sacramento, California (Docket Entry No. 201). Although this filing includes a copy of the summons issued to Kajima USA, Inc., there is no indication in this filing that that party was served. Unless the undersigned Magistrate Judge has overlooked it, the record does not otherwise indicate service of the summons and amended complaint upon defendant Kajima USA, Inc.

### Analysis

On August 5, 2010, the Clerk denied entry of default against Kajima Corporation on the ground that a motion to strike was pending before the Court (Docket Entry No. 230). Therefore, to the extent that the instant motion moved to dismiss the request for default against Kajima Corporation, the motion has been rendered moot. In addition, however, the undersigned Magistrate Judge finds that "Kajima Corporation" has never been sued in this action in the first place. A party identified as "Kajima Corporation" has not been named in any complaint, original or amended, in this action, nor has a summons been issued to "Kajima Corporation." Accordingly, this entity is not properly sued before the Court and, for this additional reason, the undersigned Magistrate Judge

3

**recommends** that any claim against "Kajima Corporation" be **dismissed**.

The Kajima parties in their motion further seek an order striking the amended complaint insofar as it asserts a claim against any Kajima defendant (Docket Entry No. 199). As partial grounds for this motion, the Kajima entities in their memorandum in support of their motion make the assertion that "the Court denied the motion to amend the complaint against any Kajima entity or to add any Kajima entity to the action." (Docket Entry No. 200 at 3). While the Court did deny plaintiffs' motion for leave to amend the complaint with respect to any defendant previously dismissed (Docket Entry No. 172), the undersigned Magistrate Judge does not find that the Court denied plaintiffs' motion for leave to amend their complaint with respect to "any Kajima entity." Since Kajima Building and Design Group and Kajima USA, Inc. were not named as defendants prior to the filing of the amended complaint, they were not among the defendants "previously dismissed." Defendant Kajima International, Inc., however, was named in the original complaint and had been dismissed at the time of the Court's order. Therefore, the Court denied plaintiffs' motion for leave to amend to assert additional claims against defendant Kajima International, Inc. For this reason, the undersigned Magistrate Judge finds that, to the extent that the amended complaint purports to assert claims against Kajima International, Inc., such claims should be stricken.

4

With respect to the claims against Kajima Building and Design, Inc. and Kajima USA, Inc., the undersigned Magistrate Judge does not read the order of the Court on plaintiffs' motion for leave to amend as broadly as do these defendants. Specifically, the Court granted plaintiffs' motion for leave to amend complaint (Docket Entry No. 145) with respect to "all other defendants not previously dismissed." "All other defendants not previously dismissed" includes defendants Kajima Building and Design Group and Kajima USA, Inc. For this reason, the undersigned Magistrate Judge finds that the motion to strike the amended complaint and summons issued to Kajima Building and Design Group and Kajima USA, Inc. should be **denied**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. Defendants' motion to strike the amended complaint, to the extent it seeks to assert claims against "Kajima Corporation," should be **GRANTED** and the amended complaint against that party **DISMISSED** because "Kajima Corporation" has never been named as a defendant in this action nor has it been served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure;

2. To the extent that the amended complaint seeks to assert a claim against Kajima International, Inc., defendants' motion should be **GRANTED** and the amended complaint **STRICKEN** because

5

the Court previously has dismissed claims against this corporate entity and has denied plaintiffs' motion to amend in order to assert new claims;

       3. To the extent that the amended complaint seeks to assert claims against Kajima Building and Design Group and Kajima USA, Inc., defendants' motion to strike the amended complaint should be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

       **ENTERED** this 3rd day of September, 2010.

                                   s/ John S. Bryant
                                   JOHN S. BRYANT
                                   United States Magistrate Judge