IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL W. WATKINS, et al.,        )
                                    )
    Plaintiffs,                     )
                                    )   No: 3:08-0426
        v.                          )   Judge Campbell/Bryant
                                    )   **Jury Demand**
KAJIMA INTERNATIONAL                )
CORPORATION, et al.,                )
                                    )
    Defendants.                     )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Defendant Equifax Information Services LLC has filed its motion to set aside the Clerk's entry of default against "Equifax" (Docket Entry No. 238) and plaintiffs have filed a response in opposition (Docket Entry No. 258). Defendant Equifax Information Services LLC also has filed a motion to dismiss pursuant to Rule 12(b) (Docket Entry No. 241). Plaintiffs have not responded, although their period within which to do so has long since expired.

For the reasons stated below, the undersigned Magistrate Judge recommends that both motions filed by defendant Equifax Information Services LLC be granted, that the Clerk's entry of default be set aside, and that the complaint, as amended, against this defendant be dismissed.

### The Motion To Set Aside Entry of Default

On August 5, 2010, the Clerk entered default pursuant to Rule 55(a) against "Defendant Equifax" (Docket Entry No. 230). This entry was premised upon a return of service indicating that a process server served a summons issued to "Equifax" along with a

copy of a verified complaint at a business address in Sacramento, California on July 8, 2008 (Docket Entry No. 51), and a finding that no answer or other response to the complaint had been filed by Equifax within the time required by law.

Defendant Equifax Information Services LLC now has filed its motion to set aside the entry of default against "Equifax" (Docket Entry No. 238). As grounds for this motion, defendant asserts: (1) service of process was ineffective because it was addressed to a corporate entity that does not exist, (2) there is good cause to set aside the entry of default against defendant Equifax Information Services LLC. (Docket Entry No. 240).

Plaintiffs in their response argue that "Equifax has had almost two years to answer the summons," and that its reason for not filing a response "amounts to a lot of smoke." Aside from this conclusory assertion, plaintiffs fail to offer any substantive response to the motion to set aside entry of default.

Defendant Equifax Information Services, LLC has filed in support of its motion the declaration of Paul Mathews, a customer service specialist in the Litigation Management Department of Corporation Services Company, an affiliate of The Prentice-Hall Corporation System, Inc., the registered agent for Equifax Information Services LLC in the state of California (Docket Entry No. 239). In this declaration, Mr. Mathews states that on July 8, 2008, a process server appeared at the offices of Corporation Services Company in Sacramento, California and attempted to effect service of process on "Equifax." Corporation Services Company determined that it was not authorized to accept service of process

for an entity known merely as "Equifax," and it returned the service of process by Federal Express Overnight Mail to plaintiff at the listed address in Nashville on the following day, July 9, 2008. The returned process was accompanied by a letter stating that service of process was being returned to the plaintiff because Corporate Services Company was not authorized to accept service of process as a registered agent because the corporate name listed on the summons was inaccurate (Docket Entry No. 239 at 2). The declaration of Mr. Mathews further states that Corporate Services Company has not received a corrected service of process in this case.

This case is factually similar, but not identical, to the case of <u>Hunter v. Invironmentalists Commercial Services Company</u>, 2008 WL 245918 (W.D. Tenn. Jan. 28, 2008). In the <u>Hunter</u> case, plaintiff attempted to serve the defendant through its registered agent, but the agent refused to accept service because the summons did not include the defendant's correct name. Plaintiff listed the defendant's name as "The Invironmentalist Commercial Services Company" rather than "The Inviromentalist<u>s</u> Commercial Services Company." <u>Id.</u> at *3. As in the instant case, the registered agent, CT Corporation System, returned the process to the plaintiff stating that "the Invironmentalist Commercial Services Company" was not listed on CT's records. Thereafter the defendant Invironmentalists did not file an answer or otherwise appear in the case. Plaintiff moved for an entry of default and the clerk entered default on plaintiff's request. Thereafter, defendant

Invironmentalists filed its motion to set aside entry of default and to dismiss for lack of service of process.

Applying the three factors listed in Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990), the Hunter court found that (1) the plaintiff would not be prejudiced if the default were set aside; (2) the defendant had a meritorious defense; and (3) the defendant had not been guilty of culpable conduct leading to the entry of default. From these three factors, the court concluded that defendant Invironmentalists had demonstrated "good cause" for setting aside a default under Rule 55(c), Federal Rules of Civil Procedure.

The undersigned Magistrate Judge finds that the reasoning in the Hunter case is persuasive, and that its holding should be applied here. Specifically, the undersigned Magistrate Judge finds that setting aside the default against defendant "Equifax" would not prejudice plaintiffs. Although this case has been pending for well over two years, little or no discovery has occurred and the activity in the case has primarily consisted of numerous defendants filing motions to dismiss, most of which have been granted by the Court. Moreover, plaintiffs have not moved, pursuant to Rule 55(b), for a default judgment against this defendant. The undersigned Magistrate Judge further finds that Equifax Information Services LLC has a meritorious defense, as discussed in more detail below. Finally, the undersigned Magistrate Judge finds that Equifax has committed no wrong leading to the entry of default. Specifically, according to the declaration of Paul Mathews (Docket Entry No. 239), plaintiffs were notified by Federal Express

4

Overnight Mail on the day following their attempted service that process had been refused because it failed to bear the correct name of any corporation and did not match that of any company name on file with a Secretary of State or other appropriate state agency (Docket Entry No. 239 at 4). In addition, the undersigned Magistrate Judge is persuaded by numerous cases stating the strong policy preference for resolving claims on their merits as contrasted to resolving cases based upon procedural defaults. E.g., United States v. Bridwell's Grocery & Video, 195 F.3d 819, 820 (6th Cir. 1999); United States v. $22,050.00 United States Currency, 595 F.3d 318, 324 (6th Cir. 2010).

For the reasons stated above, the undersigned Magistrate Judge finds that the Clerk's entry of default against defendant "Equifax" should be set aside.

**Defendant Equifax Information Services LLC's Motion To Dismiss**

Defendant Equifax Information Services LLC has filed its motion to dismiss pursuant to Rule 12(b), citing several grounds: (1) insufficient process; (2) insufficient service of process; (3) failure to accomplish service within 120 days as required by Rule 4; (4) lack of personal jurisdiction; (5) improper venue; (6) failure to state a claim upon which relief can be granted; and (7) the bar of res judicata and/or claim preclusion (Docket Entry No. 242).

Plaintiffs have not responded in opposition to this motion. Nevertheless, a court cannot grant a motion to dismiss simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion to dismiss

to ensure that he has discharged his burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

From the facts related to plaintiffs' attempt to serve process on an Equifax defendant, discussed in the above section of this report and recommendation and undisputed in this record, the undersigned Magistrate Judge finds that plaintiffs have not accomplished service of process upon defendant Equifax Information Services LLC, or any other Equifax entity, and, for this reason, their amended complaint against this party must be dismissed.

As an alternative ground, the undersigned Magistrate Judge has examined the allegations in plaintiffs' amended complaint (Docket Entry No. 174), and finds, for the following reasons, that the amended complaint fails to state a claim against Equifax Information Services LLC or other Equifax entity upon which relief can be granted. The name "Equifax" appears in the caption of the amended complaint on page 2, in the listing of the "parties" as number 15 on page 6, and, finally, near the end of a lengthy listing of the parties on page 11. Thereafter, no further mention of this party appears in the amended complaint.

As has been stated in an earlier report and recommendation, the factual allegations in the amended complaint are very confusing and unclear. It seems that plaintiffs, or at least one of them, claims to be the owner of a U.S. Patent having something to do with a method of constructing concrete walls. Plaintiffs allege that their patent has been infringed by defendant Kajima International, Inc. and/or two of its alleged affiliates, Kajima Building and Design Group and Kajima USA, Inc. Plaintiffs

6

allege that the Kajima defendants infringed their patent in Tennessee and in multiple other states. Significantly, however, no specific acts or omissions of wrongdoing are ascribed to defendant Equifax. Instead, certain general allegations are made against all of the multiple defendants collectively. For example, the amended complaint alleges as follows: "All defendants work together to infringe on the Patent owned by Plaintiffs." (Docket Entry No. 174 at 9). The amended complaint also states: "Defendants each and every one of them have carried on contacts with Kajima in Memphis, Tennessee to help Kajima to use the Patent there and all over the United States by inducing them to use the Patent and in the middle of this committed fraud by trying to fraud Plaintiffs out just moneys do (sic) them for the Patent." (Id. at 9-10). As a further example, the amended complaint alleges: "All defendants are guilty of Patent infringement and all the other claims and causes of action listed below because they helped Kajima to use the Patent. . . ." (Id. at 10).

Defendant Equifax Information Services LLC moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiffs, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure

8(a)(2) requires merely "a short and plain statement of a claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Applying this standard of review, the undersigned Magistrate Judge finds that the amended complaint fails to contain

8

sufficient factual allegations to make the claims against defendant Equifax plausible under the standards of Iqbal and Twombly. As previously mentioned, other than being included in listings of the multiple defendants, Equifax is never thereafter mentioned by name in the amended complaint. Instead, it is grouped collectively along with other defendants in allegations that amount to no more than conclusions of law. These conclusory allegations are not entitled to a presumption of truth, nor are they sufficient to demonstrate plausible claims or entitlement to relief under the standards of Iqbal and Twombly. No specific act or omission by any employee or agent of an Equifax entity is alleged in the amended complaint. For these reasons, the undersigned Magistrate Judge finds that the amended complaint fails to state a claim for which relief can be granted against defendant Equifax Information Services LLC or any other Equifax entity, and that defendant's motion to dismiss should be granted for this additional reason.

Given that the foregoing two grounds both require dismissal of the amended complaint against this defendant, the undersigned Magistrate Judge finds that it is unnecessary to analyze in detail the additional grounds for dismissal asserted by defendant unless directed to do so by the Chief Judge.

For the foregoing reasons, the undersigned Magistrate Judge finds that the motion of defendant Equifax Information Services LLC to dismiss the amended complaint should be granted.

## RECOMMENDATION

For the reasons stated above in this report and recommendation, the undersigned Magistrate Judge **RECOMMENDS** that

the default entered by the Clerk against defendant "Equifax" be set aside, that the motion to dismiss by defendant Equifax Information Services LLC be **GRANTED**, and that the amended complaint against this defendant be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of January 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge