```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

MICHAEL W. WATKINS, et al.,     )
                                )
     Plaintiffs,                )
                                )    No:  3:08-0426
          v.                    )    Judge Campbell/Bryant
                                )    **Jury Demand**
KAJIMA INTERNATIONAL            )
CORPORATION, et al.,            )
                                )
     Defendants.                )
```

**TO: The Honorable Todd J. Campbell**

## REPORT AND RECOMMENDATION

Two of the defendants, Kajima Building and Design Group, Inc. ("KBD") and Kajima USA, Inc. ("KUSA") have moved to dismiss the amended complaint on grounds of insufficient process, insufficient service of process, untimely service of process, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted (Docket Entry No. 264). Plaintiffs, who are proceeding pro se, have responded in opposition (Docket Entry No. 279).

This motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 5).

For the reasons stated below, the undersigned Magistrate Judge recommends that these defendants' motion to dismiss be granted and that the complaint, as amended, against them be dismissed.

**Pertinent Procedural History**

Defendants KBD and KUSA were first named as defendants in this case upon the filing of the amended complaint (Docket Entry No. 174). This amended complaint alleges that KBD and KUSA were two of the subsidiaries of Kajima International, which had earlier been dismissed as a defendant in this case (Docket Entry No. 146). On October 21, 2009, the Clerk issued summons addressed to KBD at an address in Memphis, Tennessee, and to KUSA at an address in Rochelle Park, New Jersey, respectively (Docket Entry No. 182). The record also contains a return of service filed November 23, 2009 (Docket Entry No. 201). This filing includes copies of the previously issued summons to defendants KBD and KUSA. In addition, this filing includes two sworn proofs of service. The first indicates that process server Benon Demirchyan served copies of the "summons in a civil action; motion for leave to amend complaint" on Kajima Building and Design, Inc. at an address in Los Angeles, California on Monday, November 2, 2009, at 2:10 p.m. (Docket Entry No. 201 at 1). The second sworn proof of service indicates that process server Jeff King served "copies of the summons in a civil action; motion for leave to amend complaint" on Kajima Building and Design Group at an address in Sacramento, California on November 3, 2009, at 11:58 a.m. (Docket Entry No. 201 at 3). Significantly, this filing does not include evidence of service of process on defendant KUSA. Moreover, unless the undersigned Magistrate Judge has overlooked it, the entire record does not otherwise indicate service of the summons and amended complaint upon defendant Kajima USA, Inc.

**Analysis**

Defendants KBD and KUSA advance several arguments in support of their motion to dismiss. The undersigned will address each argument in the order presented in defendants' memorandum (Docket Entry No. 265).

Insufficient Process. Defendants assert that the amended complaint against them should be dismissed for insufficient process, pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. This rule is addressed to the form and content of the summons. Phillips v. Tennessee Hotel Supply, 2006 WL 8997985 (E.D. Tenn. Apr. 4, 2006). Here, defendants specifically complain that the summons forms issued by the Clerk and addressed to them fail to contain the name and address of plaintiffs or their attorney. The record indicates that defendants are correct (Docket Entry Nos. 182 and 201). Rule 4(a)(1)(C) of the Federal Rules of Civil Procedure states that a summons "must state the name and address of the plaintiff's attorney or – if unrepresented – of the plaintiff." From the record, it appears that the summons issued to defendants KBD and KUSA did not comply with the requirements of this rule because they failed to contain the name and address of plaintiffs.

Defendants, however, have failed to cite any authority for the proposition that a plaintiff's failure to list his name and address on a summons is fatal to his claim. In fact, Rule 4(a)(2) expressly authorizes the court to permit a plaintiff to amend his summons. Moreover, counsel for defendants KBD and KUSA has been involved in this case at least since July 31, 2008, when he entered his appearance on behalf of defendant Kajima International, Inc.

3

(Docket Entry No. 79). Since his initial appearance, counsel has served numerous documents on plaintiffs, so defendants KBD and KUSA would be extremely hard pressed to show any prejudice resulting from plaintiffs' failure to include their names and addresses on the summons forms issued to these two defendants. For the foregoing reasons, the undersigned Magistrate Judge finds that this defect, standing alone, would not warrant dismissal of the amended complaint against these two defendants.

<u>Insufficient Service Of Process</u>. Defendants KDB and KUSA also allege that the amended complaint must be dismissed for insufficient service of process, pursuant to Rule 12(b)(5). Specifically, they maintain that there is no indication in this record that defendant KUSA has been served with either a summons or a copy of the amended complaint. In addition, they maintain that the record indicates that defendant KBD has been served with a summons and a copy of a motion for leave to amend the complaint rather than the amended complaint itself (Docket Entry No. 201).

In response, plaintiffs make several arguments. First, they argue that there was a typographical error in the proof of service form in that the process server somehow entered the name of KBD twice and inadvertently omitted the name of KUSA on one of the proof of service forms. According to the record, the attempts to serve process on these two defendants occurred in California. Plaintiffs offer no explanation of how they have personal knowledge that the process server somehow committed a typographical error and that he actually served a copy of the amended complaint instead of the motion for leave to amend indicated in this record.

4

Plaintiffs also argue that "Kajima Corporation or Kajima International Corporation or Kajima USA or Kajima Building and Design Group are all the same company." (Docket Entry No. 279 at 3). As support for this assertion, plaintiffs have filed what appears to be unauthenticated copies of screen prints from the website of Kajima Corporation (Docket Entry No. 279-1). KBD and KUSA are included among several companies listed on these website pages, but this filing fails to establish, or even to suggest, that these entities "are all the same company," or that they disregard normal corporate formalities.

Based upon the record before the Court, including in particular the sworn return of service forms contained in Docket Entry No. 201, the undersigned Magistrate Judge finds no evidence of service of process upon defendant KUSA and that the attempted service on defendant KBD is defective because there is no evidence that this company was served with a copy of the amended complaint. When the record fails to indicate the issuance of process and service upon the defendant in compliance with Rule 4, the district court does not acquire personal jurisdiction over the defendant and the complaint against him must be dismissed. Yox v. Durgan, 298 F.Supp.1365 (E.D. Tenn. 1969).

Improper Venue. These two defendants also maintain that the amended complaint must be dismissed for improper venue pursuant to Rule 12(b)(3). Plaintiffs in this action allege that defendants KBD and KUSA infringed a patent allegedly owned by plaintiffs, or at least by one of them. This alleged patent has something to do with the construction of concrete walls, although plaintiffs have

5

so far failed to identify their alleged patent by number or by specific title.

Title 28, United States Code, Section 1400(b) establishes the venue for an action alleging patent infringement. This statute provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Under this statute, the burden of establishing venue is upon plaintiffs. Schippers v. Midas Int'l Corp., 446 F.Supp.62, 63 (E.D. Tenn. 1978).

Here, plaintiffs have failed to establish proper venue under 28 U.S.C. § 1400(b). Plaintiffs have not established venue under the first clause of this statute because it is not clear that any of the allegedly infringing defendants reside in this judicial district. Plaintiffs assert that defendant KBD has maintained an office in Memphis, Tennessee. However, Memphis does not lie within this district; instead, Memphis lies within the Western District of Tennessee. 28 U.S.C. § 123(c). With respect to the second clause of the venue statute quoted above, plaintiffs have alleged in a conclusory fashion that some of the defendants have infringed their patent during construction of the Saturn plant at Spring Hill, Tennessee. However, there is no allegation in the amended complaint that any of the defendants has "a regular and established place of business" within this district. Therefore, the

undersigned Magistrate Judge finds that plaintiffs have failed to carry their burden of establishing proper venue of this case within the Middle District of Tennessee, and that for this additional reason the amended complaint must be dismissed.

Because the undersigned Magistrate Judge finds, for the reasons stated above, that the amended complaint against defendants KBD and KUSA must be dismissed for insufficient service of process, lack of personal jurisdiction and improper venue, the undersigned finds it unnecessary to consider defendants' additional claim that the amended complaint fails to state a claim upon which relief can be granted.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed on behalf of defendants KBD and KUSA be **GRANTED** and that the complaint, as amended, be **DISMISSED** without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can

7

constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of March 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge