IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL W. WATKINS, et al. ) | |
| ) | |
| v.  ) | No. 3:08-0426 |
| ) | Judge Campbell/Bryant |
| KAJIMA INTERNATIONAL, INC., et al. ) | |

To:   The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned to determine which, if any, remaining defendants have been properly served and are before the Court in this action, and to recommend disposition of the defendants (Lasko, Linden, Vega, and Lucinda Watkins) against whom default has been entered. (Docket Entry No. 406)

It appears from the record (Docket Entry Nos. 146, 147, 172, 284, 347) that plaintiffs' claims have been dismissed as against all served defendants save five: the four defaulted defendants and Mr. Bill Lockyer, Attorney General for the State of California (sued in his individual capacity). Service upon defendant Lockyer was attempted by hand delivery of process to his office address, where the complaint and summons were accepted by a deputy. (Docket Entry No. 34 at 3) It is at least arguable that service was properly effected in this manner under California law, Cal. Code Civ. P. § 415.20, and is thus valid under Tennessee law pertaining to service outside of this state, Tenn. R. Civ. P. 4.05(1)(b), and under federal law as reflected in Fed. R. Civ. P. 4(e)(1), which provides that "an individual … may be served in a judicial district of the United States by: … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made[.]" While the State of California has been represented in this matter and was dismissed as a party defendant (Docket Entry No. 284), no appearance has ever been entered in this case on behalf of Attorney General Lockyer personally.

However, the Amended Complaint (Docket Entry No. 174) does not contain any allegation of wrongdoing particular to Lockyer, and in fact only mentions him by name when reciting the collective of defendants generally alleged to have infringed plaintiffs' patent. For the reasons given previously by the undersigned on this record, pertaining to the proper dismissal of the State of California and other of its officials (Docket Entry Nos. 133, 250), there is simply no call for defendant Lockyer to appear and defend in this case.

Moreover, as to the defaulted defendants Lasko, Linden, Vega, and Lucinda Watkins, plaintiffs have failed to pursue default judgment against them since the Clerk of Court entered their default a year and a half ago, advising plaintiffs at that time of the requirement of a further motion pursuant to Fed. R. Civ. P. 55(b). (Docket Entry No. 295) Indeed, plaintiffs have made no attempt at all to prosecute their case since May 11, 2011, the date of their last filing. (Docket Entry No. 473) In that last filing, plaintiffs Michael W. Watkins and Michael D. Watkins list return addresses in Ocean Springs, Mississippi and Knoxville, Tennessee respectively (id. at 1), the same addresses that are currently listed on the Court's record of the case and to which the Court has directed its regular and certified mailings since October 2009. (Docket Entry No. 179) However, the Court's certified mailings have not been accepted at either address since March 23, 2011 (Docket Entry No. 420), and regular mailings to these addresses have been returned as undeliverable since as early as September-October 2010. (Docket Entry Nos. 255, 307)

There is no indication that the Court's most recent order entered May 16, 2011 (Docket Entry No. 474) was accepted via certified mail, and its regular mailing to each plaintiff was returned as undeliverable. (Docket Entry Nos. 483, 484) Plaintiffs appear to have abandoned their lawsuit here, including claims against defendants whose default had long since been entered. "Rule 41(b) [of the Federal Rules of Civil Procedure] provides that an action may be involuntarily dismissed for failure to prosecute. A federal court has the authority to dismiss a case sua sponte with prejudice under Rule 41(b) for failure to prosecute." Hall v. White, 817 F.2d 756 (6th Cir. May 8, 1987) (citing Link v. Wabash R.R., 370 U.S. 626 (1962) and Consolidation Coal Co. v. Gooding, 703 F.2d 230 (6th Cir. 1983)). In view of the record of this case as a whole, and specifically considering its age; the prior dismissal on jurisdictional or other procedural grounds of the 47 defendants who appeared and defended the case (out of 52 total defendants named); the failure of the pro se plaintiffs to accept the Court's mailings and keep the Court apprised of their current addresses; and the lack of any activity on plaintiffs' part in nearly a year, the undersigned hereby **RECOMMENDS** that the case be dismissed with prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power to control its docket.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 19th day of April, 2012.

                 s/ John S. Bryant
                 JOHN S. BRYANT
                 UNITED STATES MAGISTRATE JUDGE